IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT WRIGHT LOUIS[1] | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PX-17-52 |
| OFFICER PATRICK,[2] | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM OPINION

Robert Wright Louis is an inmate at the Montgomery County Correctional Facility. Pending are Louis' Complaint filed pursuant to 42 U.S.C. §1983 and Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 1, 2. Louis is eligible to proceed as an indigent, and will be granted leave to proceed in forma pauperis.

## BACKGROUND

Louis filed this Complaint on January 6, 2017. ECF No. 1. Louis alleges that on December 15, 2016 Defendant Patrick called him a "faggot and a homosexual" and said "you're in here for five year olds" while the entire prison tier was watching and listening. ECF No. 1 at 4; ECF 1-1. As relief, Louis asks to file a law suit in this court for defamation. No. 1 at 4

On January 31, 2017, this Court granted Louis twenty-eight days to amend the Complaint to identify what federal law or constitutional provisions, if any, he believes have been violated, to state whether he has suffered any injury as a result of the actions alleged, and to state why he believes this Court has jurisdiction over the case.

---

[1] Plaintiff's name is Robert Louis Wright, although the docket lists him as Robert Wright. The Clerk shall correct the docket to reflect his name in the Complaint.

[2] Defendant is named as Officer Patrick in the Complaint, although the docket shows him as Cpl. Patrick. The docket shall be corrected to reflect Defendant's title in the Complaint.

On February 17, 2017, Louis filed the Court-ordered supplement with second Motion for Leave to Proceed in Forma Pauperis. ECF Nos. 4, 5.  The supplement, however, is unresponsive to the Order.  Specifically, Louis fails to identify any federal law or constitutional provisions allegedly abridged as a result of Defendant's alleged statements or indicate a basis for this Court to exercise jurisdiction over this case.  Of note, Louis does not allege he has been threatened or assaulted by fellow inmates as a result of Patrick's comments.  While Louis claims to feel "traumatized" when he sees Patrick, he provides no facts to support this generally stated and conclusory statement.

## DISCUSSION

Louis is proceeding under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee.  To protect against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii); 28 U.S.C. § 1915A(b)(1).  This Court is mindful of its obligation to construe liberally the pleadings of pro se litigants such as Louis. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)).  Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other

person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights,'" but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, "a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). As Louis fails to allege abridgement of a constitutional provision or federal law, he fails to set out a colorable claim under 42 U.S.C. § 1983.

Further, the Complaint asserts no basis for this Court to exercise jurisdiction over this case. A federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010); *see also Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc*., 471 F.3d 544, 548 (4th Cir. 2006). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994)). "[B]efore a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown,* 462 F.3d 312, 316 (4th Cir. 2006).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," pursuant to 28 U.S.C. § 1331, as well those "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States," pursuant to 28 U.S.C. § 1332(a). Louis does not allege there is diversity of the parties citizenship and the amount in controversy

requirement is unsatisfied and, as discussed above, he raises no claim of constitutional or federal violation.

## CONCLUSION

For these reasons, the Court will dismiss this case for lack of jurisdiction and for failure to state a claim upon which relief can be granted. A separate Order follows this Memorandum Opinion.

Date: March 31, 2017                                            /S/
                                                        PAULA XINIS
                                                        United States District Judge